IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS LINWOOD JONES, | * | |
| Petitioner | * | |
| v. | * | Criminal Case: SAG-21-0286 |
| | | (Related Civil Action: SAG-24-1293) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

***
**MEMORANDUM OPINION**

In 2021, a federal grand jury returned an indictment against Petitioner Thomas Linwood Jones ("Petitioner") and ten co-defendants. ECF 1. The indictment charged Petitioner with a drug conspiracy, possession of narcotics with intent to distribute, and two firearms offenses. *Id.* In 2022, Petitioner pled guilty to just two of those charges: the narcotics conspiracy in violation of 21 U.S.C. § 846 and possession with the intent to distribute controlled dangerous substances in violation of 21 U.S.C. § 841. ECF 238. His plea agreement provided for an agreed, binding Fed. R. Crim. P. 11(c)(1)(C) sentence of imprisonment for 132 months. ECF 239 at ¶ 9. On May 4, 2023, this Court sentenced Petitioner to the agreed sentence. ECF 322.

Now pending before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence, ECF 461. The Government filed a response in opposition, ECF 548, and Petitioner filed a reply, ECF 581. No evidentiary hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Petitioner's motion will be denied.

Petitioner contends that his trial attorney was ineffective for improperly advising him that he would be deemed a career offender, causing him to make his decision about whether to plead guilty based on an inflated view of his potential exposure as calculated under the advisory

Sentencing Guidelines. ECF 461-1 ¶ 20. He also argues that his attorney incorrectly advised him to stipulate to a drug quantity which increased his sentencing exposure. *Id.*

To establish ineffective assistance of counsel in violation of the Constitution, a petitioner must meet two prongs: (1) proof that counsel's performance fell below an objective standard of reasonableness and (2) proof that counsel's inadequate performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 687–88 (1984). In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To prevail, a defendant must overcome a strong presumption that his defense attorney's conduct was competent. *See Strickland*, 466 U.S. at 689; *see also Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). This Court will address each of Petitioner's arguments under these standards.

## I.      Potential Sentencing Exposure/Career Offender Designation

Petitioner alleges that his attorney informed him that he was a career offender and that if convicted at trial, his career offender guidelines would be 360 months to life in prison. ECF 461-1 ¶ 30. That calculation, Petitioner attests, was premised on the career offender guidelines, specifically U.S.S.G. § 4B1.1(b) which would place him at offense level 37, criminal history category VI. *Id.* Plaintiff alleges that it is that high range that convinced him to take the plea because he "became concerned that if he was convicted at trial, his sentencing exposure and thus the severity of his punishment would be significantly greater." *Id.* ¶ 33.

Even assuming without deciding that (1) Petitioner's counsel advised him he was a career offender and (2) that advisement was erroneous, the record in this case readily demonstrates that Petitioner's advisory guidelines range would have been at or close to 360-months to life, solely for Count One, even if his guidelines had been calculated as a non-career offender. In their briefing, both parties made errors in their attempts to calculate Petitioner's non-career offender guideline

2

range for the drug conspiracy. As Petitioner notes in his reply, ECF 581 at 5, the Government misapplied the converted drug weights when attempting to calculate the guidelines using the drug quantities charged in the indictment, ECF 548 at 17. But Petitioner's calculations are also inaccurate, because he erroneously limits his total drug quantity exposure to the stipulation of facts in his plea agreement. It is not unusual (and in fact quite customary) for counsel to negotiate a factual stipulation to a reduced quantity in connection with a guilty plea. Here, Petitioner's negotiated stipulation of facts was limited to the five kilograms of cocaine he agreed the government could prove, plus the 62 grams of cocaine base recovered from his home. ECF 239-1. But that same factual stipulation specifies "that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial." *Id.* Plaintiff would not have gotten to retain the benefit of his stipulation of facts in the absence of his guilty plea.

Without that stipulation, the Government would have adduced evidence of drug quantities far exceeding those in the parties' agreement. Simply adding the drug quantities recovered in the search of the conspiracy's stashhouse would have added 242 grams of cocaine base, 3767 grams of cocaine, and 3975 grams of fentanyl to the guideline calculations.[1] ECF 548 at 4. Those totals, added to the quantities of cocaine and cocaine base recovered directly from Petitioner's residence, would have put Petitioner at offense level 34, even without his agreed stipulation to five kilograms of cocaine. *See* U.S.S.G § 2D1.1(c). Two levels then would have been added for his maintenance of a drug involved premises (as evidenced by the multitude of items recovered from his residence). *Id.* § 2D1.1(B0(12). Further, either two additional levels would have been added for Petitioner's possession of a firearm, *id.* § 2D1.1(b)(1), placing him at offense level 38, or he would have stayed

---

[1] Of course, the Government would also have been able to adduce evidence at the trial from numerous telephone conversations and in person meetings relating to drug transactions between Petitioner and his co-conspirators, adding additional drug quantities to the totals set forth above. But even just the recoveries from Petitioner's residence and the conspiracy's stashhouse alone put Petitioner's exposure close to or above his career offender guideline range.

3

at offense level 36 but had an additional five years added to his sentence for Count One as a result of a conviction for the 18 U.S.C. § 924(c) charge in Count Four.[2]

The parties agree that Petitioner's non-career offender criminal history category is V. At offense level 38, criminal history category V, his guidelines would be the same as his career offender guidelines: 360-months to life. At offense level 36, criminal history category V, his guidelines would be 292-months to 365-months for Count One, plus the 60-month consecutive sentence for Count Four, ending with a total range of 352-months to 425-months.

Petitioner's averment, therefore, that he would have gone to trial to "roll the dice" if he were exposed to a 188-month to 235-month range instead of 360-months to life, ECF 581 at 5, is based on a faulty premise. No 188-month to 235-month range was available to Petitioner via trial. Petitioner was born in 1969 and was 51 years old when he was charged in this case. Actuarially, a sentence of 352-months to 425-months, for someone of Petitioner's age, likely equates to or exceeds a life sentence.

As the Supreme Court has explained:

> "Surmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has "special force with respect to convictions based on guilty pleas," *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.

*Lee v. United States*, 582 U.S. 357, 368–69 (2017). To establish *Strickland* prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's mere assertion that he would have proceeded to trial if he had received better assistance from his attorney is not dispositive. *See United States*

---

[2] Under Application Note 4 to U.S.S.G. § 2K2.4, the two-level weapon enhancement is not applied where there is a conviction under 18 U.S.C. § 924(c).

*v. Mora–Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir.2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court, accordingly, considers all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70.

Under that analysis, Petitioner has not established prejudice. The difference between the guaranteed eleven-year sentence under the guilty plea and the twenty-nine-year to life sentence after a trial, for a man in his 50s, is simply too great, and the difference between the guidelines calculated as a career offender versus a non-career offender is simply too small, to establish a reasonable probability that Petitioner would have made a different decision had his attorney advised him that he was not a career offender. In the absence of a showing of a reasonable probability that he would have gone to trial, he has not shown prejudice and his motion must be denied.

### 2. Drug Quantity

Petitioner's argument regarding his drug quantity suffers from the same defect: he seeks to limit the Government to the agreed drug quantities from his plea agreement when considering what drug quantity his attorney should have advised him to accept as part of his guilty plea. But Petitioner cannot have his cake and eat it too. In the absence of counsel's carefully negotiated plea agreement, the Government would have been able to attribute all of the evidence recovered in the searches of Petitioner's home and the conspiracy's stashhouse (plus additional drug weight inferred from meetings and recorded discussions) to Petitioner and his co-conspirators. As described above, that evidence alone would have resulted in a higher offense level than that derived from his agreed stipulation to five kilograms of cocaine. Petitioner therefore cannot establish a

reasonable probability that different advice from his counsel would have led to a different result in this proceeding because he would have chosen to proceed to trial and risk a sentence exceeding thirty years.

In sum, assuming *arguendo* that the ineffective assistance alleged by Petitioner occurred, he has not demonstrated that he suffered any prejudice. Accordingly, his *Strickland*-based motion is unavailing and will be denied. Further, Petitioner has shown no basis for this Court to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard).

A separate order follows.

Dated: December 16, 2024

                                                                                                           /s/
Stephanie A. Gallagher
United States District Judge